**Slip Op. 09-7**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **ARCELORMITTAL DOFASCO INC., SOREVCO INC., and DO SOL GALVA LTD.**,       Plaintiffs,     and **UNITED STATES STEEL CORPORATION**,       Plaintiff-Intervenor,     v. **UNITED STATES**,       Defendant,     and **UNITED STATES STEEL CORPORATION**,       Defendant-Intervenor. | **Before: Timothy C. Stanceu, Judge** **Court No. 07-00135** |

**OPINION AND ORDER**

[Remanding for reconsideration of the decision of the U.S. Department of Commerce not to rescind an administrative review of an antidumping duty order because the final results of the administrative review did not set forth reasoning adequate to support that decision]

Dated: January 22, 2009

    *Hunton & Williams LLP* (*William Silverman*, *Douglas J. Heffner*, and *Richard P. Ferrin*) for plaintiffs.

    *Skadden, Arps, Slate, Meagher & Flom LLP* (*Robert E. Lighthizer*, *John J. Mangan*, *Jeffrey D. Gerrish*, *Soo-Mi Rhee*, and *Ellen J. Schneider*) for plaintiff-intervenor and defendant-intervenor United States Steel Corporation.

*Michael F. Hertz*, Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Stephen C. Tosini* and *Michael D. Panzera*); *Mark B. Lehnardt*, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

Stanceu, Judge: Plaintiffs ArcelorMittal Dofasco Inc., formerly Dofasco Inc. ("Dofasco"), Sorevco Inc., and Do Sol Galva Ltd. (collectively, "plaintiffs") initiated this action under 19 U.S.C. § 1516a (2000) to contest a final determination ("Final Results") issued by the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") in an administrative review of an antidumping duty order on certain corrosion-resistant carbon steel flat products from Canada (the "subject merchandise"). *See Certain Corrosion-Resistant Carbon Steel Flat Prods. from Canada: Final Results of Antidumping Duty Admin. Review*, 72 Fed. Reg. 12,758 (Mar. 19, 2007) ("*Final Results*"). Dofasco is a Canadian producer of the subject merchandise. Before the court is plaintiffs' motion, made under USCIT Rule 56.2, for judgment on the agency record.

Plaintiffs, joined by plaintiff-intervenor United States Steel Corporation ("U.S. Steel"), a domestic steel producer and a petitioner in the original antidumping investigation, argue that the Department abused its discretion in deciding not to rescind the administrative review after all of the original requesters had withdrawn, or sought to withdraw, their requests for the review. Plaintiffs seek a remand order directing the Department to rescind the administrative review. In the alternative, plaintiffs challenge the value that the Department, when performing its calculations to determine whether plaintiffs' home market sales were made below the cost of production, assigned to certain iron ore fluxed pellets that Dofasco obtained from an affiliated

supplier.  U.S. Steel, who is participating in the litigation as defendant-intervenor with respect to this issue, argues that Commerce's valuation of the iron ore fluxed pellets should be found to be in accordance with law in the event the court does not order the rescission of the administrative review.  Defendant argues that Commerce properly exercised the discretion provided by its regulations to continue the administrative review.  Defendant contends that Commerce properly exercised its discretion in refusing to extend the due date for the filing of the letters seeking to withdraw requests for review because two of the letters were filed long after the due date provided in the Department's regulations and near the time of completion of the review.  On the issue of valuation of iron ore fluxed pellets, Commerce requests a voluntary remand so that it may reconsider, and possibly redetermine, its valuation of this material.

Commerce provided no explanation in the Final Results of its reasoning for refusing to extend the deadline for withdrawal of the requests for the administrative review and thereby for deciding that the review should continue.  The communication to the parties of Commerce's reasoning was stated in a letter not incorporated into the Final Results.  The stated reasoning was inadequate to support the decision.  Accordingly, the court remands the Final Results to the Department and directs the Department to reconsider its decision not to rescind the administrative review.

## I. B&#x1D00;&#x1D04;&#x1D0B;&#x262;&#x280;&#x1D0F;&#x1D1C;&#x274;&#x1D05;

On August 1, 2005, Commerce announced the opportunity to request a periodic administrative review of entries of certain corrosion-resistant carbon steel flat products from Canada that were made during the period of August 1, 2004 to July 31, 2005 (the "period of review").  *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation;*

*Opportunity To Request Admin. Review*, 70 Fed. Reg. 44,085 (Aug. 1, 2005). Commerce initiated the review following requests by plaintiffs and another Canadian steel producer, Stelco, Inc. ("Stelco"), and a request by petitioner U.S. Steel for review of the sales of Dofasco's and Stelco's subject merchandise. *Initiation of Antidumping and Countervailing Duty Admin. Reviews and Request for Revocation in Part*, 70 Fed. Reg. 56,631 (Sept. 28, 2005); *Certain Corrosion-Resistant Carbon Steel Flat Prods. from Canada: Preliminary Results of Antidumping Duty Admin. Review*, 71 Fed. Reg. 53,363, 53,364 (Sept. 11, 2006) ("*Preliminary Results*"); *Letter from Willkie Farr & Gallagher LLP to Sec'y of Commerce* 1 (Aug. 31, 2005) (Admin. R. Doc. No. 2). Plaintiffs timely informed Commerce on December 20, 2005 that they were withdrawing their request for an administrative review, pursuant to 19 C.F.R. § 351.213(d)(1) (2005), which provides that a party who requested an administrative review may withdraw its request within ninety days of the date of the notice of initiation. *See Letter from Hunton & Williams to Sec'y of Commerce* 1 (Dec. 20, 2005) (Admin. R. Doc. No. 18); *see* 19 C.F.R. § 351.213(d)(1). Because U.S. Steel's request for review with respect to respondent Dofasco and respondent Stelco was still in effect, Commerce continued the review with respect to both respondents. *See Preliminary Results*, 71 Fed. Reg. at 53,364. Commerce published preliminary results of the administrative review on September 11, 2006, assigning to Dofasco, Sorevco, Inc. and Do Sol Galva Ltd., which three companies Commerce treated for purposes of the review as a single respondent, a weighted-average antidumping duty margin of 4.78%. *Id*. at 53,365, 53,369.

On February 14, 2007, Commerce revoked the antidumping duty order on certain corrosion-resistant carbon steel flat products from Canada (the "Order"), pursuant to the second sunset review. *Revocation Pursuant to Second Five-Year ("Sunset") Reviews of Antidumping*

and Countervailing Duty Orders: Certain Corrosion-Resistant Carbon Steel Flat Prods. from Australia, Canada, Japan, and France*, 72 Fed. Reg. 7010 (Feb. 14, 2007).  Because the revocation of the Order was effective with respect to entries made on or after December 15, 2005, the revocation did not affect the antidumping duty liability of entries of plaintiffs' merchandise that were subject to the administrative review, the period of which had ended on July 31 of that year.  *See id*. at 7010.  Citing the revocation of the Order, U.S. Steel asked to withdraw its request for an administrative review with respect to respondents Dofasco and Stelco.  *See Letter from Skadden, Arps, Slate, Meagher & Flom LLP to Sec'y of Commerce* 1 (Mar. 7, 2007) (Admin. R. Doc. No. 77) ("*Skadden Letter*").  On that same day, Stelco also sought to withdraw its review request.  *See Letter from Vinson & Elkins to Sec'y of Commerce* 1 (Mar. 7, 2007) (Admin. R. Doc. No. 78) ("*Vinson Letter*").  Twelve days later, Commerce published the Final Results, assigning to Dofasco, Sorevco, Inc., and Do Sol Galva Ltd. a weighted-average antidumping duty margin of 5.25%.  *Final Results*, 72 Fed. Reg. at 12,758.

## II. DISCUSSION

The court exercises jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) (2000), under which the Court of International Trade is granted exclusive jurisdiction of any civil action commenced under 19 U.S.C. § 1516a.  *See* 28 U.S.C. § 1581(c).  The court reviews the Final Results on the basis of the agency record and must "hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i); *see also* 28 U.S.C. § 2640(b) (2000).

Section 351.213(d)(1) of Commerce's regulations provides that "[t]he Secretary will rescind an administrative review under this section, in whole or in part, if a party that requested a

review withdraws the request within 90 days of the date of publication of notice of initiation of the requested review." 19 C.F.R. § 351.213(d)(1).  In this proceeding, plaintiffs' withdrawal of the request for the review was timely, as it was filed on December 20, 2005, seven days prior to the due date set by the regulation.  Although a literal reading of the regulation might suggest that Commerce was required to rescind the review, at least as to entries of plaintiffs' merchandise, as a result of plaintiffs' withdrawal of their request for a review, such a reading would conflict with the applicable statutory provision.  Congress provided, in 19 U.S.C. § 1675 (a)(1) (2000), that Commerce is to conduct a periodic review of an antidumping duty order "if a request for such a review has been received." 19 U.S.C. § 1675(a)(1).  Although plaintiffs' withdrawal of their request for an administrative review was filed on December 20, 2005 and therefore was timely under § 351.213(d)(1), the request by U.S. Steel for a review of Dofasco's and Stelco's sales was still in effect as of that date, as was Stelco's request for a review, and as a result Commerce's continuation of the review was proper at the time.

    The statute, in 19 U.S.C. § 1675(a)(1), does not authorize Commerce to initiate a periodic review in the absence of a request.  *See id*.  The statute, however, is silent on the question of whether Commerce should continue a periodic review in the situation in which each party who had requested that review has expressed its intention to withdraw its request.  Commerce has addressed this situation in its regulation, 19 C.F.R. § 351.213(d)(1), which, when construed in accordance with 19 U.S.C. § 1675(a)(1), requires rescission of a review if all requesters withdraw their requests within ninety days of the date of notice of initiation.  Notices of withdrawal received after that date are given effect only if the Secretary retroactively extends the

**Court No. 07-00135** Page 7

ninety-day time limit. The regulation provides that "[t]he Secretary may extend this time limit if the Secretary decides that it is reasonable to do so." 19 C.F.R. § 351.213(d)(1).

Plaintiffs argue, essentially, that the Department reasonably could not exercise its discretion to continue the administrative review in the particular circumstances that existed once the Order had been revoked and all requesters had withdrawn, or sought to withdraw, their requests for the review. Mem. in Supp. of Mot. for J. on The Agency R. Under Rule 56.2 Filed by Pls. ArcelorMittal Dofasco Inc., Sorevco Inc., and Do Sol Galva Inc. 7 ("Pls.' Mem."). Plaintiffs point out, further, that no interested party took the opportunity to file an opposition to the March 7, 2007 requests of U.S. Steel and Stelco and that Nucor Corporation, a domestic steel producer, also favored recission.[1] *Id*. at 3 & n.2; Oral Argument 1:55-57, Jan. 8, 2009. Plaintiffs also direct the court's attention to various past instances in which the Department has rescinded an administrative review upon withdrawals of requests filed after the regulatory deadline. Pls.' Mem. at 10-12. They argue that the Department's decision to continue the review after all requesters had withdrawn or attempted to withdraw their requests, and in the absence of the objection of any interested party to rescission, is unprecedented. *Id*. at 7, 12. Citing the various circumstances, plaintiffs seek an order directing the Department to rescind the review. *Id*. at 19.

The regulation (the validity of which no party has challenged in this case) affords wide discretion to the Secretary in determining whether to extend the ninety-day period for withdrawal of review requests. Although circumstances other than timeliness were relevant to the decision

---

[1] Nucor Corporation, a domestic producer of the subject merchandise, sought to intervene in this case, and brought its own appeal of the Final Results, attempting to take the position before the court that the Department unlawfully continued the review. *See Dofasco Inc. v. United States*, 31 CIT __, 519 F. Supp. 2d 1284, 1285 (2007); *Nucor Corp. v. United States*, 31 CIT __, 516 F. Supp. 2d 1348, 1349 (2007).

Court No. 07-00135                                                                                      Page 8

not to rescind the review, there is no question that the requests of U.S. Steel and Stelco were filed long after the regulatory due date established by 19 C.F.R. § 351.213(d)(1).  U.S. Steel filed its letter seeking to withdraw its request for an administrative review with respect to Dofasco and Stelco, and Stelco filed its own withdrawal letter, on March 7, 2007, a date that was one year and seventy days after that due date and only twelve days prior to the date on which Commerce published the Final Results.  *See Skadden Letter* at 1; *see Vinson Letter* at 1.  The court, however, need not decide the question of whether the Department reasonably exercised its discretion in choosing to continue the review in the midst of all the circumstances that existed on March 7, 2007.

In reviewing the Secretary's exercise of discretion to accept untimely withdrawals, and therefore the Secretary's exercise of discretion on whether to rescind, based on those untimely withdrawals, a periodic review initiated under 19 U.S.C. § 1675(a)(1), a court must apply the broad standard of reasonableness that the regulation establishes.  A court may do so only according to the reasoning the Department put forth in the decision being reviewed.  *See Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 167-69 (1962) (faulting the agency because "[t]here are no findings and no analysis here to justify the choice made, no indication of the basis on which the [agency] exercised its expert discretion" and stating that "*Chenery* requires that an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself" (citing *Sec. and Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).  In this case, however, the Final Results do not discuss, or even mention, the issue of rescission that was posed to the Department when U.S. Steel and Stelco informed the Department of their respective desires to withdraw their requests for review.  The Final Results

incorporate, as an appendix, a document identified as an "Issues and Decision Memorandum," but this document, like the Final Results, makes no mention of the recission issue. *See Final Results*, 72 Fed. Reg. at 12,759; *see also Issues and Decision Mem. for the Final Results of the Admin. Review of the Antidumping Duty Order on Certain Corrosion-Resistant Carbon Steel Flat Prods. from Canada* (Mar. 12, 2007) (Admin. R. Doc. No. 80).

The administrative record contains a one-page letter dated March 9, 2007 that the Department sent to interested parties, including plaintiffs, addressing the submissions by which U.S. Steel and Stelco sought to withdraw their requests for the review. *See Letter from Stephen J. Claeys, Deputy Assistant Sec'y for Imp. Admin., to All Interested Parties* (Mar. 9, 2007) (Admin. R. Doc. No. 79). After noting that the submissions did not occur within the ninety-day period established by the Department's regulation, 19 C.F.R. § 351.213(d)(1), the letter communicates to the recipients the Department's decision not to extend the due date for those two submissions and to bring the review to a conclusion. *Id.* The letter mentions that the two submissions "were filed five days before the due date of the final results of review, and the Department has effectively completed its substantive and quantitative analyses, drafted extensive analysis and decision memoranda, and prepared a *Federal Register* notice." *Id.* The letter gives the following as the reasoning for the Department's decision: "Because the Department has expended significant resources in conducting this administrative review, we find these March 7 withdrawal requests untimely and, consequently, we intend to complete this administrative review on March 12." *Id.*

Because it is not incorporated by reference in either the Final Results or the Issues and Decision Memorandum that is made part of the Final Results, the court, in its discretion, may

refuse to consider the Department's March 9, 2007 letter in reviewing the Department's reasons for deciding not to extend the ninety-day time period provided for in 19 C.F.R. § 351.213(d)(1) and thereby deciding to continue the administrative review.  *See* 19 U.S.C. § 1516a(a)(2)(A)(i)(I) & (B)(iii) (identifying the decision being contested as the published results of the administrative review); *see China Kingdom Imp. & Exp. Co., Ltd. v. United States*, 31 CIT __, 507 F. Supp. 2d 1337, 1348 n.6 (2007).  In this case, the court need not decide the question of whether to deem the March 9, 2007 letter part of the Final Results because the reasoning stated in that letter is plainly insufficient to support the Department's decision.  The resources the Department expended in conducting the administrative review are not the only consideration that reasonably should affect such a decision, and it is questionable whether these expended government resources are the most important consideration.  The March 9, 2007 letter makes no mention of the significant fact that the Order had been revoked, an event that took place only twenty-one days before U.S. Steel and Stelco filed their letters seeking to withdraw their review requests.  In its letter seeking to withdraw its request for the administrative review, U.S. Steel mentioned the revocation and also referred to the additional Departmental resources that might be required were the Department to continue the review.  *See Skadden Letter* at 2 ("[T]he Department may benefit by granting this request to withdraw.  The reason is that such withdrawal will avoid the likelihood of an appeal to the Court of International Trade, the World Trade Organization and/or a NAFTA panel.").  Nor does the Department's letter, in discussing resources, refer to any resource implications for private parties.

      Because the sole reason stated in the letter of March 9, 2007 would be inadequate to support Commerce's decision under 19 C.F.R. § 351.213(d)(1) even were the court to deem the

letter to be part of the Final Results, the court must remand this matter to the Department. On remand, the Department must reconsider, in light of all the relevant circumstances, its decision of March 9, 2007 not to extend the regulatory due date and thereby not to rescind the review. The Department's redetermination in response to the court's remand order must be supported with adequate reasoning. If the Department, in its redetermination on remand, decides that the administrative review should be rescinded, such rescission would become effective only upon the court's affirming the remand redetermination. Because the court is ordering a remand for the limited purpose of requiring the Department to address the rescission issue, which remand may result in the rescission of the administrative review, the court does not reach, at this time, the issue of the Department's decision on the valuation of iron ore fluxed pellets that Dofasco obtained from a related supplier. Should Commerce decide on remand that the administrative review should not be rescinded, and should the court conclude that the Department's decision is supported by adequate reasoning and therefore is in accordance with law, the court then will consider the Department's request for a voluntary remand on the issue of valuation of the iron ore fluxed pellets.

### III. ORDER

Based on the foregoing, and in consideration of all papers and proceedings herein, it is hereby

**ORDERED** that the Department's final determination in *Certain Corrosion-Resistant Carbon Steel Flat Products from Canada: Final Results of Antidumping Duty Administrative Review*, 72 Fed. Reg. 12,758 (March 19, 2007) is held to be contrary to law in failing to set forth reasoning adequate to support the Department's decision of March 9, 2007 not to extend the due date for the submissions of U.S. Steel and Stelco, as filed on March 7, 2007, and thereby not to rescind the administrative review; it is hereby

Court No. 07-00135                                                                                                    Page 12

      **ORDERED** that the Department shall reconsider, in light of all relevant circumstances, its decision not to extend the due date for submission of the requests of U.S. Steel and Stelco, as filed on March 7, 2007, and thereby not to rescind the administrative review; it is further

      **ORDERED** that the court's ruling on the Department's request for a voluntary remand on the question of the valuation of iron ore fluxed pellets is held in abeyance at this time; it is further

      **ORDERED** that the Department shall file, within forty-five days of the date of this Opinion and Order, a redetermination on remand in which the Department, in accordance with this Opinion and Order, shall set forth its decision on the question of whether the administrative review should be rescinded and shall support that decision with adequate reasoning based on all relevant circumstances; and it is further

      **ORDERED** that plaintiffs and U.S. Steel shall file any comments on the Department's redetermination on remand within thirty days of the filing of the Departments' redetermination on remand.


                                                            /s/ Timothy C. Stanceu  
                                                           Timothy C. Stanceu  
                                                           Judge

Dated: January 22, 2009  
        New York, New York

# NOTICE OF ENTRY AND SERVICE

      This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

      Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

      or

      Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

      Tina Potuto Kimble
      Clerk of the Court

Date: _____   By: _____
                                                             Deputy Clerk